UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RUDOLPH WASHINGTON**<br>**LA. DOC #308049**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-0217**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **MAJOR TUBBS AND**<br>**LT. COLEMAN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On May 9, 2013, the Court denied Plaintiff's Motion for Appointment of Counsel. [doc. # 11]. On September 9, 2013, Plaintiff filed the instant Motion seeking reconsideration of the Order denying his Motion for Appointment of Counsel.[1] [doc. # 26]. For reasons that follow, Plaintiff's Motion for reconsideration is **DENIED**.[2]

In his Motion for reconsideration, Plaintiff largely parrots the elements of the test for appointment of counsel that this Court provided Plaintiff in the Court's previous Order denying appointment of counsel. Plaintiff argues:

> 1. Plaintiff is unable to afford counsel. He has request [sic] leave to proceed in forma pauperis.
>
> 2. Plaintiff [sic] imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex and will require significant research and investigation. Plaintiff has limited access to the law library and limited knowledge of the law.

---

[1] The Court construes Plaintiff's untitled Motion as a motion for reconsideration.

[2] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

      3. A trial in this case will likely involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross examine witnesses.

      4. Plaintiff has made repeated efforts to obtain a lawyer.

*Id.* at 1.

    Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The three factors typically considered by district courts in evaluating motions filed under Rule 59(e) are: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

    The Court finds that Plaintiff has not made the requisite showing with respect to his Motion for reconsideration. As mentioned, Plaintiff largely parrots the applicable factors required for appointment of counsel, while providing no evidence in support.[3] Plaintiff's Motion does not address or allege any new evidence or change in circumstances that would warrant this Court to reconsider any of its previous bases for denying appointment. To be sure, Plaintiff does put forth several arguments not previously considered, but none constitute "new evidence not previously available."

    Plaintiff first argues that he should be appointed counsel because he is unable to afford

---

[3] [*See* doc. # 11, p. 2].

counsel. [doc. # 26]. This argument is without merit because all plaintiffs must be "unable to afford counsel" in order for the court to request an attorney to represent them. 28 U.S.C.A. § 1915(e)(1). Plaintiff next argues that his confinement in prison is limiting his ability to adequately litigate. However, Plaintiff has been able to conduct meaningful discovery in this case thus far and has managed to file a complaint and the instant Motion for reconsideration. The mere fact that Plaintiff is incarcerated does not mean that he is unable to adequately investigate his case. *See Feist v. Jefferson Cnty. Com'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985).

Plaintiff also contends that a trial will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses. It appears that Plaintiff is re-stating the legal standard set forth in this Court's first Order. Plaintiff's unsupported averment only informs the Court of the fact that there is conflicting evidence in the record. Indeed there is conflicting evidence: this is a dispute. Plaintiff's contention is unavailing because Plaintiff puts forth no new evidence to show that appointing counsel would aid in the disposition of the suit.

Finally, Plaintiff argues that, subsequent to this Court's previous Order denying appointment of counsel, he has made attempts to secure counsel. Plaintiff has not, however, described in sufficient detail what effort, if any, he has made to secure private counsel. Plaintiff states that he has attached letters that he sent to various attorneys, and he states that he has asked his cousin to contact several more attorneys. [doc. # 26, p. 1-2]. However, there are no letters attached to Plaintiff's Motion and there is no documentation reflecting his cousin's efforts to contact any counsel. In any event, even if Plaintiff provided the requisite documentation, he does

3

not sufficiently address any of the other bases for the previous denial of his Motion: i.e, that the Plaintiff is able to adequately present his case and that his claims do not demonstrate "exceptional circumstances" to warrant the appointment of counsel.

**IT IS ORDERED** that Plaintiff's Motion for reconsideration be **DENIED**.[4]

Signed this 19th day of September, 2013, in chambers in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] Plaintiff also requests records from the Jackson Parish Correctional Center ("JPCC"). It is unclear whether JPCC possesses any records relevant to this case. If JPCC does possess relevant records, Plaintiff must subpoena them because JPCC is not a party to this action, despite the fact that JPCC was mistakenly added to the caption in Documents 11 and 29. Plaintiff may request a blank subpoena from the Clerk of Court which he can complete and have served upon JPCC in accordance with Federal Rule of Civil Procedure 45.