UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **RUDOLPH WASHINGTON** | **CIVIL ACTION NO. 3:13-cv-0217** |
| **LA. DOC #308049** | **SECTION P** |
| VS. | |
| | **JUDGE ROBERT G. JAMES** |
| **MAJOR TUBBS AND** | |
| **LT. COLEMAN** | **MAG. JUDGE KAREN HAYES** |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel, [doc. # 42], filed by Plaintiff Rudolph Washington. For the reasons stated below, the Motion is **DENIED**.[1]

### Background

*Pro se* Plaintiff Rudolph Washington filed the instant civil rights complaint on January 24, 2013. [doc. # 1]. Plaintiff alleged that on August 29, 2012, while he was incarcerated at the Richwood Correctional Center (RCC), he was the victim of excessive force at the hands of the two named Defendants, Major Tubbs and Lt. Michael Coleman. *Id.* at 3. He also alleged that he was denied medical attention and that he lost some personal property when he was transferred to the Jackson Parish Correctional Center (JPCC). *Id.* at 4.

On May 9, 2013, this Court ordered Defendants to "provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession." [doc. # 12, p. 2]. The Court further instructed Plaintiff to file a motion to compel if he did not receive any of these documents within the prescribed time

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

period.  *Id.*  The Court ordered Plaintiff to employ discovery to obtain any other information requested.  *Id.*

Subsequently, on August 7, 2013, Defendants filed a "Notice of Compliance" [doc. # 23] indicating that they provided Plaintiff all medical records, warden's unusual occurrence reports, and all other pertinent documents.  Defendants supplemented their responses four times in order to fully comply with the Court's order.  [*See* doc. #s 30, 39, 50, 52].

On November 8, 2013, Plaintiff asked the Court to compel Defendants to produce the following:

> (1) Administrative Hearing-Disciplinary Board report; (2) Offender Grievance-on food not being serve at the right heating food being serve warm or cold and the Kitchen beening nasty [sic]; and (3) Offender Grievance-Officer disrespecting me calling me a Pu??y a?? Nega? [sic].

[doc. # 42, p. 1].  On the same day, Plaintiff filed an associated "Memorandum" asking the Court to compel the production of surveillance camera footage.  [doc. # 45].  On November 26, 2013, Plaintiff filed a "Brief" in support of his Motion to Compel that included a supplemental request to compel the production of a "Request Form-asking for a trade for carpenter or catering."  [doc. # 53, p. 1].  In that same document, Plaintiff sought to compel Defendants to answer several interrogatories that Plaintiff alleges Defendants failed to fully answer.  *Id.* at 2.

Defendants, in response, essentially aver that Plaintiff's Motion to Compel is moot because they have complied with the Court's Order requiring them to provide Plaintiff with all pertinent documents and have also fully complied with all of Plaintiff's discovery requests.  [doc. # 55, p. 1].  Defendants make no claim of privilege and argue only that they have provided Plaintiff with all of the pertinent information that they have.

## Law and Analysis

Discovery requests for documents and tangible things are governed by Rule 34 of the Federal Rules of Civil Procedure. The Rule, in relevant part, states that "[a] party may serve on any other party a request . . . to produce . . . any designated documents or electronically stored information–including . . . sound recordings, images, and other data or data compilations . . . . FED. R. CIV. P. 34(a). Interrogatories to parties are governed by Rule 33 of the Federal Rules of Civil Procedure. That Rule, in pertinent part, states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33; or if a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." FED. R. CIV. P. 37(a). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.*

However, a court cannot compel a party to produce documents that the party does not possess or that the Court does not know exist. *See Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983) (Rule 34 requires only that a party produce documents that are already in existence). "Ordinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate. Consequently, if plaintiffs . . . 'do not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld,

their motion to compel must fail.'" *Brown v. Tellermate Holdings, Ltd.*, 2013 WL 1363738, at *6 (S.D. Ohio April 3, 2013) (citing *Alexander v. F.B.I.*, 194 F.R.D. 299, 301 (D.D.C. 2000)). "Without more specific information triggering some reason for doubt, the Court must take the producing party . . . at its word when it claims to have produced everything it has." *Aristocrat Techs. v. Int'l Game Tech.*, 2009 WL 3573327, at *3 (N.D. Cal. Oct. 30, 2009). In the same way, a court cannot compel a party to more completely answer interrogatories when the court is not presented with any credible evidence indicating that the responding party's answers are "evasive or incomplete." *See* FED. R. CIV. P. 37(a)(3)(B)(iii).

Here, Defendants, in response to Plaintiff's first request for "Administrative Hearing-Disciplinary Board report, Offender Grievance-on food not being serve at the right heating food being serve warm or cold and the Kitchen beening nasty [sic], and Offender Grievance-Officer disrespecting me calling me a Pu??y a?? Nega? [sic]", state that they have given Plaintiff all of the requested documents. [doc. # 55, p. 2]. Defendants aver that they have searched through all of Plaintiff's records and have not found any documents or records responsive to his specific requests.[2] Similarly, in response to Plaintiff's request for surveillance tape footage, Defendants state, "an inquiry was made to the Richwood Correctional Center concerning the existence of any video surveillance recordings and it was learned that no such recordings exist." *Id.* at 3.[3] Further, in response to Plaintiff's supplemental request to compel the production of a "Request

---

[2] Kayla Blossom, the business manager at Richwood Correctional Center, submits an affidavit swearing that she searched the files of Richwood Correctional Center and that she has submitted all of the responsive records and medical files that her search uncovered. [doc. # 55-1].

[3] Affiant Blossom also states that her search has not uncovered any video surveillance recordings of Plaintiff. *Id.*

Form-asking for a trade for carpenter or catering," Defendants aver that "if such a document was in the records at the Richwood Correctional Center, the records would have previously been provided . . . ." [doc. # 55, p. 3].

Plaintiff, as mentioned above, also makes several complaints regarding Defendants' interrogatory responses. He first argues that Defendant Coleman failed to fully answer Interrogatory No. 9 because Coleman failed to provide the names of various nurses that treated him. [doc. # 53, p. 2]. However, as Defendants contend, a review of Interrogatory No. 9 shows that Plaintiff only asked Coleman to identify and attach copies of medical records. [*See* doc. # 34, p. 3]. Defendants state that they have provided all responsive medical records. [doc. # 55, p. 2]. In like manner, Defendants also aver that they have fully and truthfully answered the remaining interrogatories at issue. *Id.* at 4-5.

Upon consideration, Defendants' representation that they have produced all responsive documents and have fully answered Plaintiff's interrogatories is sufficient.[4] Plaintiff has not provided any credible evidence to justify finding that Defendants possess the requested documents, that Defendants can obtain the documents, or that the documents even exist. Nor has Plaintiff provided any evidence to justify finding that Defendants have not completely answered Plaintiff's interrogatories. Plaintiff does not provide enough facts to substantiate his contentions. Defendants' discovery responses are satisfactory.

---

[4] Although Defendants have supplemented their disclosures several times, the Court nevertheless reminds Defendants of their ongoing obligation to supplement their disclosures. "A party who has . . . responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

**Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Compel, [doc. # 42], is **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of December, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE